**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| **FRANK SEARCH** and **ROBERT ROSE**, on behalf of themselves and all others similarly situated,<br><br>                  Plaintiffs,<br><br>   v.<br><br>**MATERIAL TRANSPORT, LLC**, a domestic corporation, and **KIMBERLY M. CHERRY**, an individual,<br><br>                  Defendants. | Docket No.: _____<br><br>**COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND** |

**COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND**

Plaintiffs FRANK SEARCH and ROBERT ROSE, by and through their attorneys Dougall & Collins and the JTB Law Group, LLC, allege of their own knowledge as to their conduct and observations, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.     This collective action arises out of the persistent and willful failure of Defendants MATERIAL TRANSPORT, LLC ("Material Transport" or the "Company") and KIMBERLY M. CHERRY, an owner and/or officer of the Company, to properly compensate Plaintiffs and all other similarly situated persons who are or were employed by Defendants during the timeframes relevant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

2.     Specifically, Defendants failed to pay Plaintiffs and other current and former drivers for the Company at one-and-one-half times their regular rates of pay for time worked in excess of forty hours each work week.

3. By reason of Defendants' persistent and willful violations of the FLSA, Plaintiffs were illegally underpaid for their work.

4. Plaintiffs bring this action to recover monetary damages, liquidated damages, interest and costs, including reasonable attorney's fees and expenses, as a result of Defendants' willful violation of the FLSA.

5. Plaintiffs also assert FLSA claims pursuant to 29 U.S.C. § 216(b) on behalf of other similarly situated employees of Defendants who were and are affected by Defendants' policy of failing to pay their employees appropriate overtime compensation.

6. For at least three years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the above-described federal wage and hour statutes, in the manner described herein.

7. Plaintiffs also bring claims under South Carolina common law, individually and, pursuant to Fed. R. Civ. P. 23, on behalf of a proposed class of similarly situated individuals, for damages in *quantum meruit*, in that Defendants have inequitably retained a benefit conferred upon them by Plaintiffs and other similarly situated individuals. Specifically, Defendants agreed to pay Plaintiffs and their other drivers a certain percentage of the revenue the Company earned from each of certain loads, but did not consistently do so, and thereby have inequitably retained the benefit Plaintiffs and the other drivers conferred upon Defendants by their work.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought for violations of the FLSA, a federal statute. This Court has supplemental subject matter jurisdiction of the common-law claim pursuant to 28 U.S.C. § 1367.

9. This Court has personal jurisdiction of Defendants because they can be found in and do business in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2), because all or substantially all of the events and omissions that give rise to this claim occurred in this District.

## THE PARTIES

*Plaintiffs*

11. At all relevant times, Plaintiff Frank Search was, and currently is, a resident of Horry County, State of South Carolina.

12. Plaintiff Search worked for Defendants from approximately August 2014 until approximately October 2016.

13. Plaintiff Search brings claims as a representative of a prospective collective of similarly situated individuals under 29 U.S.C. § 216(b) and a similarly situated class under Fed. R. Civ. P. 23 and South Carolina common law. His written consent to participate in this action, pursuant to 29 U.S.C. § 216(b), is attached hereto as **Exhibit A**.

14. At all relevant times, Plaintiff Robert Rose was, and currently is, a resident of Horry County, State of South Carolina.

15. Plaintiff Rose worked for Defendants from approximately October 2015 until approximately November 2016.

16. Plaintiff Rose brings claims as a representative of a prospective collective of similarly situated individuals under 29 U.S.C. § 216(b) and a similarly situated class under Fed. R. Civ. P. 23 and South Carolina common law. His written consent to participate in this action, pursuant to 29 U.S.C. § 216(b), is attached hereto as **Exhibit B**.

*Defendants*

17.     Defendant Material Transport is a business corporation organized and existing under the laws of the State of South Carolina, with a principal place of business at 4200 Hwy. 701 South, Conway, South Carolina 29527.

18.     Defendant Kimberly M. Cherry is the registered agent for, and on information and belief is an owner and/or officer of, Material Transport.

19.     At all relevant times, Defendant Cherry possessed operational control over and ownership interest in and/or controlled significant business functions of Material Transport.

20.     At all relevant times, Defendant Cherry had the authority to hire and fire employees of Material Transport, including Plaintiffs; determined the wages and compensation of Plaintiffs and other employees of Material Transport; established their schedules; and maintained their records.

21.     Both Defendants were "employers" of Plaintiffs and all others similarly situated, within the meaning of the FLSA.

22.     At all relevant times, Defendants have had two or more employees who handled and/or used goods or materials that have been moved in or produced for commerce.

23.     At all relevant times, Defendants, individually and/or jointly, have had annual gross revenues of more than $500,000.

24.     Inasmuch as the allegations herein concern violations that occurred at 4200 Hwy. 701 South, Conway, South Carolina 29527, whichever persons and/or entities that owned and operated the business at that location during all relevant time periods – should discovery reveal that it was a person or entity other than Defendants – are hereby on notice of Plaintiffs' intention

to add FLSA claims against such person(s) or entity(ies), to be related back to the date on which this Complaint was filed.

## FACTUAL ALLEGATIONS

25.   Plaintiffs repeat and re-allege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

26.   Plaintiffs worked for Defendants driving large trucks, entirely within the State of South Carolina. Their work consisted of two types:

   a. For the majority of the time they were employed, each Plaintiff would pick up raw materials such as gravel, sand, or "screenings" from a quarry or materials yard and haul it to Palmetto Corp., an asphalt plant in Conway, South Carolina.

   b. On less frequent occasions, each Plaintiff would pick up asphalt at Palmetto Corp., and haul it out to paving jobsites.

27.   By agreement,[1] when they hauled raw materials Plaintiffs were paid 22% of "what the truck earned."

28.   Plaintiffs were never informed how much their trucks earned on a per-load, daily, weekly, or any other basis.

29.   Also by agreement, Plaintiffs were paid $15 per hour when hauling asphalt, with their time counted from sign-in at Palmetto Corp. to sign-out (either back at Palmetto Corp. or at the jobsite).

30.   A contract or other agreement whereby a non-exempt employee purports to waive his FLSA right to compensation at one-and-one-half times his regular rate for all time worked in excess of forty hours in a workweek is invalid as a matter of law. *See*, *e.g., Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart

---

[1] This agreement was not memorialized.

5

the legislative policies it was designed to effectuate."); *Garofolo v. Donald B. Heslep Assocs.*, 405 F.3d 194, 199 (4th Cir. 2005) (same); *Reynolds v. Wyndham Vacation Resorts*, No. 4:14-cv-2261-PMD, 2016 U.S. Dist. LEXIS 10568, at *22 (D.S.C. Jan. 29, 2016) (same).

31. Plaintiffs frequently worked more than forty hours in a week, especially when hauling raw materials. For example, there were periods in which Plaintiff Search worked from approximately 4:00 a.m. until approximately 7:00 p.m. for 5 days/week, for a total of approximately 75 hours.

32. Plaintiffs' hours were not reported on the weekly pay statements they received from Defendants, and they had no way of verifying whatever records Defendants kept of their hours.

33. Plaintiffs were not exempt from the overtime protections of the FLSA. They were therefore entitled to a premium for the hours they worked in excess of forty in a given work week, whether their work that week was paid on a percentage basis (hauling raw materials) or on an hourly basis (hauling asphalt).

34. Plaintiffs were never paid any such premium for hours worked in excess of forty in a week. Plaintiffs were never paid more than 22% of what their trucks earned (for raw materials) or $15 per hour (for asphalt), and on occasion Plaintiffs were not paid even *that*, because Defendants shorted either their hours or their percentage, or both.

35. Defendants knew or should have known that they were obligated under the FLSA to pay Plaintiffs a premium for hours worked in excess of forty each week.

6

## COLLECTIVE AND CLASS ALLEGATIONS

36. Plaintiffs repeat and re-allege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

37. During the relevant time period, other individuals were employed by Defendants as intrastate truck drivers.

38. Like Plaintiffs, these other drivers were non-exempt employees.

39. Like Plaintiffs, some of these other drivers would sometimes work more than forty hours per week.

40. Plaintiffs and these other drivers were not paid a premium for overtime work.

41. At all relevant times, Plaintiffs and other drivers employed by Defendants were and are similarly situated, in that they were and are subjected to Defendants' common policies and practices of failing to pay their non-exempt employees time-and-a-half for all time worked in excess of forty hours per workweek as required under the FLSA.

42. Plaintiffs bring their FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other current and former truck-driver employees of Defendants within the statutory period.

43. The proposed FLSA Collective is defined as:

**All intrastate drivers who worked for MATERIAL TRANSPORT LLC. and/or KIMBERLEY M. CHERRY at any time within the three years prior to the filing of this Complaint.**

44. Plaintiffs bring their *quantum meruit* claims as a class action under Rule 23 of the Federal Rules of Civil Procedure and South Carolina common law, on behalf of themselves and all other individuals who are or have been employed as drivers by Defendants.

45. The proposed Rule 23 Class is defined as:

**All intrastate drivers who worked for MATERIAL TRANSPORT LLC. and/or KIMBERLEY M. CHERRY and did not receive their full, agreed-upon compensation.**

46. This action is properly brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

47. The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that at least 40 class members have worked for Defendants without receiving their full, agreed-upon compensation.

48. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the class which predominate over any questions affecting only individual members, namely whether Defendants are liable for failing to pay Plaintiffs and other members of the putative class their full, agreed-upon compensation.

49. This litigation is properly brought as a class action because Plaintiffs' claims are typical of the claims of the members of the class, inasmuch as all such claims arise from Defendants' uniform policies and/or practices, as alleged herein. Like all class members, Plaintiffs were damaged by Defendants' uniform policies and/or practices of failing to pay drivers their full, agreed-upon compensation.

50. Plaintiffs have no interests antagonistic to the interests of the other members of the class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in class action litigation. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the class.

51. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

   a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, significant savings would accrue to both the Court and the class in litigating the common issues on a classwide instead of on a repetitive individual basis;

   b. Because of the relatively small size of individual class members' claims, class treatment would provide economies of scale that will enable this case to be litigated on a cost-effective basis, when compared with repetitive individual litigation; and

   c. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

52. Class certification is also fair and efficient because it avoids the risk, inherent in the prosecution of separate actions by individual class members, of differing adjudications with respect to such individual members of the class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or may substantially impair or impede the ability of those other parties to protect their interests.

53. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents claims of a type that have often been prosecuted on a classwide basis; the class may be easily identified; and any recovery may be easily provided to its members, using Defendants' records.

## COUNT I: FLSA VIOLATIONS

*29 U.S.C. §§ 207, 216(b) - Failure to Pay Overtime Wages*
*Individually*

54. Plaintiffs repeat and re-allege paragraphs 1-53 of this Complaint inclusive, as if fully set forth herein.

55. At all relevant times, Defendants were associated and joint employers within the meaning of the FLSA

56. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

57. At all relevant times, Plaintiffs were non-exempt employees of Defendants within the meaning of the FLSA.

58. At all relevant times, Defendants have had two or more employees who handled and/or used goods or materials that have been moved in or produced for interstate commerce.

59. 29 U.S.C. § 207(a)(1) provides, in pertinent part, that

no employer shall employ any of his employees who in any workweek … is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which he is employed.

60. Plaintiffs frequently worked more than forty hours per work week.

61. Defendant failed to pay Plaintiffs at one and one-half times their regular rates of pay for all time they worked in excess of forty hours per work week, as required under the FLSA.

62. Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

63. Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

64. As a result of the foregoing, Plaintiffs were illegally denied proper compensation earned, in such amounts as may be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## **COUNT II: FLSA VIOLATION**

*29 U.S.C. §§ 207, 216(b) - Failure to Pay Overtime Wages*
*On Behalf of the Putative Collective*

65. Plaintiffs repeat and re-allege paragraphs 1-53 of this Complaint inclusive, as if fully set forth herein.

66. At all relevant times, Defendants have been associated and joint employers of Plaintiffs and members of the putative collective within the meaning of the FLSA.

67. At all relevant times, Defendants employed Plaintiffs and members of the putative collective within the meaning of the FLSA.

68. Plaintiffs and members of the putative collective are non-exempt employees within the meaning of the FLSA.

69. Defendants failed to pay Plaintiffs and the members of the putative collective time-and-a-half for all time they worked in excess of forty hours per work week, as required under the FLSA.

70. Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

71. Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

72. As a result of the foregoing, Plaintiffs and members of the putative collective were illegally denied proper compensation earned, in such amounts as may be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT III: QUANTUM MERUIT

*Individually and on Behalf of the Proposed Class*

73. Plaintiffs repeat and re-allege paragraphs 1-53 of this Complaint inclusive, as if fully set forth herein.

74. Each Plaintiff agreed to work for 22% of the revenue earned by his truck while hauling raw materials for asphalt, which percentage Defendants agreed to pay.

75. These agreements were not reduced to writings.

76. Plaintiffs conferred a benefit on Defendants by working for them in accordance with the terms of their agreements, in that Plaintiffs' work enabled Defendants to earn revenue from the loads that Plaintiffs hauled.

77. Defendants sometimes paid each Plaintiff less than the agreed-upon percentage.

78. Defendants have retained a portion of the benefit conferred upon them by Plaintiffs, under circumstances which make it inequitable that they be allowed to retain it.

79. On Plaintiffs' information and belief, others who were employed by Defendants as drivers suffered the same predation by Defendants.

80. As a result of the foregoing, Plaintiffs and the members of the proposed class are entitled to damages in *quantum meruit*, together with an award of interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the FLSA, 29 U.S.C. §§ 201 *et seq*., and related regulations.

(B) An order requiring Defendants to end all of the practices alleged herein to be illegal under the FLSA and related regulations.

(C) An order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiffs and all members of the putative collective and the putative class, and to investigate and account for all payments that

were made to Plaintiffs and all members of the putative collective and the putative class, both on a percentage and a per-hour basis;

(D) Judgment for damages for all unpaid overtime compensation pursuant to 29 U.S.C. § 216(b).

(E) Judgment for liquidated damages pursuant to 29 U.S.C. § 216(b) in an amount equal to all unpaid overtime compensation owed to Plaintiffs and all members of the putative collective during the applicable statutory period.

(F) An incentive award for Plaintiffs.

(G) Judgment for damages in *quantum meruit*, together with an award of interest and costs, for Plaintiffs and all members of the putative class.

(H) Judgment for any and all other recovery to which Plaintiffs and all members of the putative collective and putative class may be entitled.

(I) An order directing Defendants to pay Plaintiffs and all members of the putative collective and putative class prejudgment interest, reasonable attorney's fees and all costs connected with this action.

(J) Such other and further relief as this Court may deem necessary, just and proper.

[this space intentionally left blank]

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all questions of fact raised by the Complaint.

Dated: July 13, 2018  
Elgin, South Carolina

Respectfully submitted,

**Local Counsel:**
**DOUGALL & COLLINS**

*/s/ Michal Kalwajtys*
Michal Kalwajtys (SC Bar # 100950)
1700 Woodcreek Farms Road
Elgin, SC 29045
(803) 865-8858 (office)
(803) 865-8944 (fax)
*mkalwajtys@dougallfirm.com*

**Trial Counsel:**
**JTB LAW GROUP, LLC**

*/s/ Patrick S. Almonrode*
Patrick S. Almonrode
   *pro hac vice application forthcoming*
Jason T. Brown
   *pro hac vice application forthcoming*
155 2nd Street, Suite 4
Jersey City, NJ 07302
(877) 561-0000 (office)
(855) 582-5297 (fax)
*patalmonrode@jtblawgroup.com*
*jtb@jtblawgroup.com*

*Attorneys for Plaintiffs*
*Frank Search and Robert Rose*