UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Frank Search and Robert Rose, on behalf of themselves and all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) Material Transport, LLC, and Kimberly M. Cherry, ) ) Defendants. ) ) | Civil Action No.: 4:18-cv-01941-RBH **ORDER** |

This matter is before the Court on Plaintiffs' [ECF No. 8] motion for default judgment. The Court finds there is no need for an evidentiary hearing and that a decision is properly reached on the basis of the uncontested pleadings, sworn declarations, and attachments to the motion. *See* Fed. R. Civ. P. 55(b)(2)("The Court may conduct hearings . . . when, to enter or effectuate judgment , it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."); *Anderson v. Foundation for Advancement, Education and Employment of American Indians*, 155 F.3d 500, 507 (4th Cir. 1998)("[I]n come circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing.")  "If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing.*" JTH Tax, Inc. v. Smith*, No. 2:06cv76, 2006 WL 1982762, at *2 (E.D. Va. June 23, 2006).

After careful review of the pleadings, return, motion, and all exhibits attached thereto, the Court finds the Defendants failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure.  Accordingly, Defendants have admitted that they willfully and intentionally failed

to pay Plaintiffs at one and one-half times their regular rates of pay for all time they worked in excess of forty hours per work week, as required under the FLSA. *See* [Complaint, ECF No. 1, at ¶¶ 61, 62].

Pursuant to 29 U.S.C. § 216(b), "any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

Plaintiff Frank Search filed a sworn declaration indicating that his regular rate of pay was $15.00 per hour. Mr. Search was entitled to an overtime premium of $7.50 per hour. During the applicable limitations period, Mr. Search worked approximately 1,300 hours of overtime, for which he was not paid an overtime premium. Mr. Search is owed approximately $9,750.00 (1,300 hours x $7.50 = $9,750.00) by Defendants for his overtime hours during the applicable limitations period. Plaintiff Search is also entitled to the same amount in liquidated damages for a total of **$19,500.00** in damages.

Plaintiff Robert Rose filed a sworn declaration indicating that his regular rate of pay was $15.00 per hour and that he was entitled to an overtime premium of $7.50 per hour. During the applicable limitations period, Mr. Rose worked approximately 1,120 hours of overtime, for which he was not paid an overtime premium. Mr. Rose is owed approximately $8,400.00 (1,120 hours x $7.50 = $8,400.00) by Defendants for his overtime hours during the applicable limitations period. Plaintiff Rose is also entitled to the same amount in liquidated damages for a total of **$16,800.00** in damages.

Plaintiffs' sworn declarations support an FLSA award for unpaid overtime compensation and

liquidated damages and provide a reasonable basis upon which to rest an award of damages that is easily computable.

The Court declines, however, to award Plaintiffs damages on their quantum meruit claims. Plaintiffs claim they are entitled to approximately $10,500.00 and $10,000.00 dollars respectively under a verbal agreement with Defendants, wherein Defendants allegedly agreed to pay Plaintiffs 22% of what their truck earned when hauling raw materials. The record does not reflect how much Plaintiffs' trucks earned during the relevant period and does not support an award of damages that is easily computable with respect to the quantum meruit claims.

Counsel for the Plaintiffs has submitted a sworn declaration of attorney's fees and costs. Attorney's fees and costs are recoverable under 29 U.S.C. § 216(b) of the FLSA, which states "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Local counsel seeks an attorney fee of **$1,300.00**; lead counsel seeks an attorney fee in the amount of **$7,025.00** and costs in the amount of **$578.59**. The Court finds that the amount sought is reasonable and recoverable under 29 U.S.C. § 216(b) and the factors set forth in *Barber v.Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978).

Therefore, Plaintiffs' motion for default judgment is **GRANTED** against the Defendants in the following amounts:

| | |
|---|---|
| Plaintiff Frank Search | $19,500.00 |
| Plaintiff Robert Rose | $16,800.00 |
| Attorney's fees - Local Counsel | $1,300.00 |
| - Lead Counsel | $7,025.00 |

| | |
|---|---|
| Costs | $578.59 |
| **Total Judgment** | **$45,203.59** |

Further, Pursuant to 28 U.S.C. § 1961, interest on the Judgment at the legal rate shall continue to accrue until the Judgment is paid in full.

IT IS SO ORDERED.

February 12, 2019  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge